**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| **NATASHA SILVERWOOD**<br>6814 Keystone Manor Drive<br>Forestville, Maryland 20747<br><br>*Plaintiffs*,<br>v.<br><br>**MOBILE FORCE ONE, LLC a/k/a<br>MOBILE FORCE ONE SECURITY LLC**<br>717 Cox Avenue<br>Hyattsville, Maryland 20783<br><br>SERVE ON:<br>Andrea Royal, Resident Agent<br>717 Cox Avenue<br>Hyattsville, Maryland 20783<br><br>*Defendant.* | Civil Action No. _____ |

**COMPLAINT**

The Plaintiff, Natasha Silverwood, by her attorneys, James M. Ray, II and Ray Legal Group, LLC, hereby sues Mobile Force One, LLC a/k/a Mobile Force One Security LLC and alleges as follows:

**PARTIES**

1. Plaintiff Natasha Silverwood is a citizen of the State of Maryland. Ms. Silverwood was previously known as Natasha Williams.

2. Defendant Mobile Force One, LLC a/k/a Mobile Force One Security LLC ("Mobile Force") is a Maryland limited liability company with principal place of business in Maryland. Defendant Mobile Force provides security services in and throughout the State of Maryland, including Montgomery County, Prince George's County and Calvert County.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over the Plaintiff's claim brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*, and supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiff's claims under the Maryland Wage and Hour Law, Md. Code Labor & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Labor & Empl. §§ 3-501 *et seq*.

4. This Court has personal jurisdiction over Defendant Mobile Force because Defendant Mobile Force is a Maryland limited liability company and performs work and services within the District of Maryland.

5. Venue in this District is proper as Defendant Mobile Force resides in this District and because the events giving rise to the claims occurred within this District.

## FACTS

6. Beginning in April 2017, Ms. Silverwood worked for Defendant Mobile Force as a security guard at various locations where Defendant Mobile Force had been retained to provide security services to third parties.

7. While employed with Mobile Force, Ms. Silverwood frequently worked more than forty (40) hours in a work week. However, in each instance, Mobile Force paid Ms. Silverwood only for the hours worked and failed to pay her overtime pay (*i.e.* payment at the rate of one and one-half (1 ½) times her regular hourly wage) when she worked more than forty (40) hours in a work week. For example, during the week of March 1, 2019, Ms. Silverwood worked six (6) hours of overtime and during the week of March 8, 2019, Ms. Silverwood worked an additional two (2) hours of overtime, but was paid for these eight (8) hours of overtime only at her regular wage rate of $20/hour, and not at the overtime rate of $30.00 hour.

8. In addition, Mobile Force failed to pay Ms. Silverwood for hours actually worked by Ms. Silverwood, including 28 hours that Ms. Silverwood worked on October 19, 20, 23 and 26, 2019 and 90 hours that Ms. Silverwood worked during April 2020.

9. Ms. Silverwood repeatedly demanded that Defendant Mobile Force pay her the unpaid wages described above. Despite this demand, Defendant Mobile Force never paid Ms. Silverwood those unpaid wages.

10. Ms. Silverwood also repeatedly demanded that Defendant Mobile Force pay her the unpaid overtime at the overtime rate of 1½ times her regular hourly wage when she worked more than forty (40) hours in a work week. Despite this demand, Defendant Mobile Force only paid Ms. Silverwood her regular hourly wage for all hours that she worked and never paid any overtime.

11. Defendant Mobile Force has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*, the Maryland Wage and Hour Law, Md. Code Labor & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Labor & Empl. §§ 3-501 *et seq*.

12. Ms. Silverwood seeks payment of unpaid wages and overtime wages for the entire time that she was employed by Defendant Mobile Force beginning from April 2017 through her termination of employment in May 2020.

## **COUNT I**
(Fair Labor Standards Act – 29 U.S.C. §§ 206—Minimum Wage)

13. The Plaintiff incorporates by reference the preceding allegations as if set forth fully herein.

14. Under § 206 of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq*, ("FLSA") an employer is required to pay an employee at a minimum wage rate of $7.25/hour.

15. Defendant Mobile Force violated § 206 by failing to pay Ms. Silverwood at least $7.25 for work performed by Ms. Silverwood, including failing to pay Ms. Silverwood any wages for the 28 hours that Ms. Silverwood worked on October 19, 20, 23 and 26, 2019 and the 90 hours that Ms. Silverwood worked during April 2020.

16. The actions of Defendant Mobile Force were willful and without legal justification.

17. Under § 216 of the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

18. Ms. Silverwood has been damaged by the Defendant Mobile Force's failure to pay minimum wage and is entitled to recover the difference between the amount that Defendant Mobile Force paid and the amount that Defendant Mobile Force should have paid, along with liquidated damages and attorney's fees and costs.

WHEREFORE, Ms. Silverwood demands judgement against Defendant Mobile Force for her unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

## COUNT II
(Fair Labor Standards Act – 29 U.S.C. §§ 207 Overtime)

19. The Plaintiff incorporates by reference the preceding allegations as if set forth fully herein.

20. Under § 207 of the FLSA, an employer is required to pay an employee "at a rate

4

not less than one and one-half time the regular rate" when an employee works more than forty (40) hours in a work week.

21. Defendant Mobile Force has violated the provisions of the FLSA by failing to pay Ms. Silverwood overtime pay at the rate of one and one-half times her regular hourly rate as required by the FLSA.

22. The actions of Defendant Mobile Force were willful and without legal justification.

23. Under § 216 of the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

24. Ms. Silverwood has been damaged by the Defendant Mobile Force's failure to pay the required overtime pay for hours worked over forty (40) hours during any work week, and is entitled to recover the difference between the amount that Defendant Mobile Force paid and the amount that Defendant Mobile Force should have paid, along with liquidated damages and attorney's fees and costs.

WHEREFORE, Ms. Silverwood demands judgement against Defendant Mobile Force for her unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

### COUNT III
(Maryland Wage and Hour Law - Md. Code Labor & Empl. §§ 3-401 *et seq.*)

25. The Plaintiff incorporates by reference the preceding allegations as if set forth fully

herein.

26. Section § 3-413 of the Labor and Employment Article provides an employer must pay an employee the State minimum wage.

27. Section § 3-415 of the Labor and Employment Article provides "each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage, computed in accordance with § 3-420 of this subtitle." The referenced section provides that "an employer shall compute the wage for overtime under § 3-415 of this subtitle on the basis of each hour over 40 hours that an employee works during 1 workweek."

28. Defendant Mobile Force has violated the provisions of the Maryland Wage and Hour Law, Md. Code Labor & Empl. §§ 3-401 *et seq.* (the "MWHL"), by failing to pay Ms. Silverwood the State minimum wage and by failing to pay Ms. Silverwood certain overtime at the rate of 1.5 times her usual hourly wage when the she worked more than forty (40) hours during any work week.

29. Under § 3-427 of the MWHL, "the employee may bring an action against the employer to recover: (1) the difference between the wage paid to the employee and the wage required under this subtitle; (2) an additional amount equal to the difference between the wage paid to the employee and the wage required under this subtitle as liquidated damages; and (3) counsel fees and other costs."

30. Ms. Silverwood has been damaged by the Defendant Mobile Force's failure to pay the minimum wage and the required overtime pay for hours worked over forty (40) hours during any work week, and is entitled to recover the difference between the amount that the Defendant Mobile Force paid and the amount that Defendant Mobile Force should have paid, along with liquidated damages and attorney's fees and costs.

WHEREFORE, Ms. Silverwood demands judgement against Defendant Mobile Force for her unpaid wages including any overtime compensation, plus an additional equal amount as liquidated damages, reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

**COUNT IV**
(Maryland Wage Payment and Collection Law - Md. Code Labor & Empl. §§ 3-501 *et seq.*)

31. The Plaintiff incorporates by reference the preceding allegations as if set forth fully herein.

32. Under § 3-502 of the Labor and Employment Article, an employer is required to pay an employee "wages" every two weeks. "Wages" means 'all compensation that is due to an employee for employment" and includes "overtime wages" as defined by § 3-501(c)(2)(iv).

33. Defendant Mobile Force has violated the provisions of the Maryland Wage Payment and Collection Law, Md. Code Labor & Empl. §§ 3-501 *et seq.* (the "MWPCL") by failing to pay Ms. Silverwood wages and overtime as required by Maryland law.

34. Under § 3-507.2 of the MWPCL, "if an employer fails to pay an employee in accordance with § 3-502 or § 3-505 of this subtitle, after 2 weeks have elapsed from the date on which the employer is required to have paid the wages, the employee may bring an action against the employer to recover the unpaid wages." That section further provides that "[i]f, in an action under subsection (a) of this section, a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs."

35. Defendant Mobile Force's failure to pay wages and overtime earned by the Plaintiff

was in bad faith and was not the result of a bona fide dispute.

36. Ms. Silverwood has been damaged by the Mobile Force's failure to pay required wages and overtime pay for hours worked over forty (40) hours during any work week, and are entitled to recover the difference between the amount that Mobile Force paid and the amount that Defendant Mobile Force should have paid, along with treble damages and attorney's fees and costs.

WHEREFORE, Ms. Silverwood demands judgement against Defendant Mobile Force for three (3) times her unpaid wages and overtime compensation, reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

Respectfully Submitted,

**RAY LEGAL GROUP, LLC**

By: /s/ James M. Ray
James M. Ray, II (#012773)
jim.ray@raylegalgroup.com
8720 Georgia Avenue, Suite 803
Silver Spring, Maryland 20910
Phone: (301) 755-5656
Fax: (301) 755-5627

*Attorneys for Plaintiff*